# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,** | Case No. 1:16-cv-00117-RP |
| **Plaintiff,** | **FIRST AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| **v.** | |
| **Sic Products LLC, d/b/a Sic Cups, d/b/a Sic,** | (1) **TRADE DRESS AND TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| **Defendant.** | (2) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);** |
| | (3) **TRADE DRESS AND TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);** |
| | (4) **TRADE DRESS AND TRADEMARK DILUTION IN VIOLATION OF TEX. BUS. & COM. CODE § 16.103;** |
| | (5) **COMMON LAW TRADE DRESS AND TRADEMARK INFRINGEMENT;** |
| | (6) **COMMON LAW UNFAIR COMPETITION;** |
| | (7) **COMMON LAW MISAPPROPRIATION; AND** |
| | (8) **UNJUST ENRICHMENT.** |
| | **Jury Trial Demanded** |

## FIRST AMENDED COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its first amended complaint against Sic Products LLC, d/b/a Sic Cups, d/b/a Sic ("Sic Cups"), based on knowledge and on information and belief as appropriate, alleges as follows:

### The Parties

1.      YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 5301 Southwest Parkway, Suite 200, Austin, TX 78735.

2.      Sic Products LLC is a corporation organized under the laws of the State of Florida with a principal place of business at 9838 Old Baymeadows Road, No. 276, Jacksonville, Florida 32256, that does business under the names Sic Cups and Sic, including through the web sites http://siccups.com/ and https://www.facebook.com/siccups/.

### Jurisdiction and Venue

3.      This is an action for trade dress infringement, unfair competition and false designation of origin, trade dress dilution, misappropriation, and unjust enrichment.  This action arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"), federal common law, the Texas Business & Commerce Code, and state common law, including the law of Texas.

4.      This Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

5.      This Court has personal jurisdiction over Sic Cups because, *inter alia*, Sic Cups is doing business in the State of Texas, including in this District.  For example, and as discussed in more detail below, (i) Sic Cups' principal web sites (http://siccups.com/ and https://www.facebook.com/siccups/) reach into Texas, including this District, on which Sic Cups has advertised, promoted, offered for sale, sold, and distributed, and continues to advertise, promote, offer for sale, sell, and distribute infringing products to customers and potential customers, (ii) Sic Cups' tortious acts giving rise to this lawsuit are occurring in the State of Texas, including in this District, and (iii) Sic Cups' customers and/or potential customers reside in the State of Texas, including in this District.

6.      Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(b) and (c).

## General Allegations – YETI's Business and Intellectual Property

7.      For many years, YETI has continuously engaged in the development, manufacture, and sale of premium, heavy-duty insulated drinkware.   YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.   YETI has extensively and continuously promoted and used these designs for years in the United States and in Texas.   Through that extensive and continuous use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.   YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.   As discussed in more detail below, YETI owns trade dress rights relating to the source identifying features of its insulated drinkware designs.

8.      Specifically, YETI sells insulated drinkware products, including the "YETI 30 oz. Rambler™ Tumbler," and the "YETI 20 oz. Rambler™ Tumbler," hereinafter referred to as "the Rambler™ Tumblers."   YETI has invested substantially in the design, development, manufacture, and marketing of the Rambler™ Tumblers.

9.      YETI has enjoyed significant sales of the Rambler™ Tumblers throughout the United States, including sales to customers in the state of Texas.   YETI has expended significant resources advertising and marketing the Rambler™ Tumblers.

10.      The Rambler™ Tumbler designs also have distinctive and non-functional features that identify to consumers that the origin of the Rambler™ Tumblers is YETI.   As a result of at least YETI's continuous and exclusive use of the Rambler™ Tumbler designs, YETI's marketing, advertising and sales of the Rambler™ Tumblers, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the designs and appearances of the Rambler™ Tumblers, which consumers have come to uniquely associate with YETI.

11.      Illustration 1 below shows an exemplary image of a YETI 30 oz. Rambler™ Tumbler sold by YETI.

| Illustration 1:  Exemplary Image of a YETI 30 oz. Rambler™ Tumbler. |
|:---:|
|  |

12.     YETI has trade dress rights in the overall look and appearance of the YETI 30 oz. Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 30 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the design, style, and appearance of these curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 30 oz. Rambler™ Tumbler; the style, design, and appearance of design aspects of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 30 oz. Rambler™ Tumbler; the design and appearance of the rim of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 30 oz. Rambler™ Tumbler; the

4

design, appearance, and placement of the drinking opening on the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 30 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 30 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 30 oz. Rambler™ Tumbler and the tumbler lid on the YETI 30 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 30 oz. Rambler™ Tumbler.

13.   Illustration 2 below shows an exemplary image of a YETI 20 oz. Rambler™ Tumbler sold by YETI.

| **Illustration 2:  Exemplary Image of a YETI 20 oz. Rambler™ Tumbler.** |
| --- |
|  |

14.   YETI has trade dress rights in the overall look and appearance of the YETI 20 oz. Rambler™ Tumbler, including, but not limited to, the visual flow of the YETI 20 oz. Rambler™ Tumbler; the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the design, style and appearance of these curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the visual connection and relationship between the curves, tapers, and lines in the YETI 20 oz. Rambler™ Tumbler; the style, design and appearance of design aspects of the YETI 20 oz. Rambler™ Tumbler; the design and appearance of the walls of the YETI 20 oz. Rambler™

Tumbler; the design and appearance of the rim of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the taper in the side wall of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the style line around the base of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the tab on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the drinking opening on the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the top plane of the lid of the YETI 20 oz. Rambler™ Tumbler; the design, appearance, and placement of the side walls of the lid of the YETI 20 oz. Rambler™ Tumbler; the color contrast and color combinations of the YETI 20 oz. Rambler™ Tumbler and the tumbler lid on the YETI 20 oz. Rambler™ Tumbler; and the overall look and appearance of the tumbler and the tumbler with the tumbler lid that YETI uses in connection with the YETI 20 oz. Rambler™ Tumbler.

15.     As a result of YETI's exclusive, continuous and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress, and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate them as source identifiers of YETI.

16.     YETI has also used the trademark "RAMBLER" throughout the United States in connection with its tumbler products, including with advertising and promoting YETI's Rambler™ Tumblers.

17.     In view of YETI's extensive and continuous use of "RAMBLER," consumers have come to associate "RAMBLER" as a source identifier of YETI, and YETI owns trademark rights in this mark.

18.     As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of "RAMBLER," YETI's exclusive, continuous and substantial advertising and promoting of products bearing "RAMBLER," and the publicity and attention that has been paid to YETI's "RAMBLER" trademark, the mark has become famous and has acquired valuable goodwill and

substantial secondary meaning in the marketplace, as consumers have come to uniquely associate the "RAMBLER" trademark as a source identifier of YETI.

<strong><u>General Allegations – Sic Cups' Unlawful Activities</u></strong>

19.     Sic Cups has purposefully advertised, promoted, offered for sale, sold, and distributed, and continues to advertise, promote, offer for sale, sell, and distribute tumblers that violate YETI's rights, including the rights protected by YETI's trade dress and YETI's "RAMBLER" trademark.  On information and belief, Sic Cups is also making such infringing products and/or importing such infringing products into the United States.  Sic Cups' infringing products are confusingly similar imitations of YETI's products.  Sic Cups' actions have all been without the authorization of YETI.

20.     Illustrations 3-5 below show examples of Sic Cups' infringing products.

| **Illustration 3:  Exemplary Image of Sic Cups' 30 oz. Infringing Product.** |
| :---: |
|  |

**Illustration 4:  Exemplary Image of Sic Cups' 24 oz. Infringing Product.**



**Illustration 5:  Exemplary Image of Sic Cups' 20 oz. Infringing Product.**



21.     At least as of January 20, 2016, Sic Cups' 30 oz. products on the Amazon.com listing were titled "SIC Glacier Double Wall Vacuum Insulated Stainless Steel Tumbler Cup 30 Oz. Rambler. Stainless with Pink & Blue Powdercoat Available."

**Illustration 6:  January 20, 2016 Screen Shot from Sic Cups' Amazon Listing.**



22.     Customers can currently order the infringing products from Sic Cups at least through   its   web   site   (http://siccups.com/)   and   Facebook   page (https://www.facebook.com/siccups/).    Sic Cups' Facebook page provides links to an Amazon.com listing of its infringing products (https://www.amazon.com/SIC-Seriously-Stainless-Double-Tumbler/dp/B017DT0LY0/ref=sr_1_19?ie=UTF8&qid=1455596047&sr=8-19&keywords=yeti%2Bcup&th=1).  A screen shot from Sic Cups' Amazon.com listing that shows how a customer can order a SIC Cups tumbler is set forth below in Illustration 7.  In this particular example, the customer would be ordering a 30 oz. infringing product.

**Illustration 7:  Screen Shot from Sic Cups' 30 oz. Amazon Listing.**



23.     As a result of Sic Cups' activities related to the infringing products, there is a strong likelihood of confusion between Sic Cups and its products on the one hand, and YETI and its products on the other hand.

24.     In addition to infringing and diluting YETI's trade dress, Sic Cups also used YETI's "RAMBLER" trademark, in *inter alia*, advertising, promoting, offering to sell, selling, and distributing Sic Cups' tumblers, and has thereby infringed and diluted YETI's "RAMBLER" trademark and intentionally traded on YETI's goodwill.

25.     Sic Cups used YETI's exact "RAMBLER" trademark.  A screenshot from Sic Cups' Amazon listing from January 20, 2016 that shows an example of Sic Cups' use of "RAMBLER" is shown above in Illustration 6.

26.     YETI used its trade dress extensively and continuously before Sic Cups began advertising, promoting, selling, offering to sell, or distributing its infringing products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States and in the State of Texas before Sic Cups commenced unlawful use of YETI's trade dress.

27.     YETI also used its "RAMBLER" trademark extensively and continuously before Sic Cups commenced its unlawful use of YETI's "RAMBLER" trademark in Sic Cups' advertisements, promotions, sales, offers to sell, and distribution of its infringing products. Moreover, YETI's "RAMBLER" trademark became famous in the United States and in the State of Texas before Sic Cups commenced its unlawful use of YETI's "RAMBLER" trademark.

28.     As discussed above and as set forth in the counts below, Sic Cups' actions are unfair and unlawful.

## Count I:
### Trade Dress and Trademark Infringement Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

29.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 28 as though fully set forth herein.

30.     Sic Cups' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress and YETI's "RAMBLER" trademark.  Sic Cups' use of YETI's trade dress and/or colorable imitations thereof and Sic Cups' use of YETI's "RAMBLER" trademark is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Sic Cups with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

31.     YETI's trade dress and YETI's "RAMBLER" trademark are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and YETI's "RAMBLER" trademark in the United States.  Through that extensive and continuous use, YETI's trade dress and YETI's "RAMBLER" trademark have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress and YETI's "RAMBLER" trademark have also acquired substantial secondary meaning in the marketplace.

Moreover, YETI's trade dress and YETI's "RAMBLER" trademark acquired this secondary meaning before Sic Cups commenced its unlawful use of YETI's trade dress and before Sic Cups commenced its unlawful use of YETI's "RAMBLER" trademark in connection with the infringing products.

32.    Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.

33.    On information and belief, Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has been intentional, willful, and malicious.  Sic Cups' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Sic Cups' unlawful use of YETI's "RAMBLER" trademark to sell the infringing products, and by Sic Cups' continuing disregard for YETI's rights.

34.    YETI is entitled to injunctive relief, and YETI is entitled to recover at least Sic Cups' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

### Count II:
### Unfair Competition and False Designation of Origin Under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

35.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 34 as though fully set forth herein.

36.    Sic Cups' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Sic Cups has obtained an unfair advantage as compared to YETI through Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark and because such uses are likely to

cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

37.     YETI's trade dress and YETI's "RAMBLER" trademark are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and YETI's "RAMBLER" trademark in the United States.  Through that extensive and continuous use, YETI's trade dress and YETI's "RAMBLER" trademark have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress and YETI's "RAMBLER" trademark have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's "RAMBLER" trademark acquired this secondary meaning before Sic Cups commenced its unlawful use of YETI's trade dress and YETI's "RAMBLER" trademark in connection with the infringing products.

38.     Sic Cups' use of YETI's trade dress and/or colorable imitations thereof and Sic Cups' use of YETI's "RAMBLER" trademark have caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.

39.     On information and belief, Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has been intentional, willful, and malicious.  Sic Cups' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Sic Cups' unlawful use of YETI's "RAMBLER" trademark to sell the infringing products, and by Sic Cups' continuing disregard for YETI's rights.

40.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Sic Cups' profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trade Dress and Trademark Dilution Under § 43(c) of the Lanham Act, 15 U.S.C.**
**§ 1125(c)**

41.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

42.     Sic Cups' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

43.     YETI's trade dress and YETI's "RAMBLER" trademark are entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trade dress and YETI's "RAMBLER" trademark have acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress and YETI's "RAMBLER" trademark in the United States.  Through that extensive and continuous use, YETI's trade dress and YETI's "RAMBLER" trademark have become famous well-known indicators of the origin and quality of YETI's insulated drinkware products throughout the United States, and are widely recognized by the general consuming public as designations of the source of YETI and YETI's insulated drinkware products.  YETI's trade dress and YETI's "RAMBLER" trademark have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress and YETI's "RAMBLER" trademark became famous and acquired this secondary meaning before Sic Cups commenced its unlawful use of YETI's trade dress and YETI's "RAMBLER" trademark in connection with the infringing products.

44.     Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark is likely to cause, and has caused, dilution of YETI's famous trade dress and YETI's famous "RAMBLER" trademark, at least by eroding the public's exclusive identification of YETI's famous trade dress and YETI's famous "RAMBLER" trademark with YETI and YETI's insulated drinkware products, by lessening the capacity of YETI's famous trade dress and YETI's famous "RAMBLER" trademark to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress and YETI's "RAMBLER" trademark with products

of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress and YETI's famous "RAMBLER" trademark.

45.     Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.

46.     On information and belief, Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has been intentional, willful, and malicious.  Sic Cups' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Sic Cups' unlawful use of YETI's "RAMBLER" trademark to sell the infringing products, and by Sic Cups' continuing disregard for YETI's rights.

47.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Sic Cups' profits, actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

### Count IV:
### Trade Dress and Trademark Dilution Under Tex. Bus. & Com. Code § 16.103

48.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 47 as though fully set forth herein.

49.     Sic Cups' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products violate § 16.103 of the Texas Business & Commerce Code.

50.     YETI's trade dress and YETI's "RAMBLER" trademark are entitled to protection under Texas law.  YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress and YETI's "RAMBLER" trademark in the United States and in the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's "RAMBLER" trademark have become famous and well-known indicators of the origin and quality of YETI's insulated drinkware

15

products in the United States and in the State of Texas, and YETI's trade dress and YETI's "RAMBLER" trademark are widely recognized by the public throughout Texas as designations of the source of YETI and YETI's insulated drinkware products. YETI's trade dress and YETI's "RAMBLER" trademark also acquired substantial secondary meaning in the marketplace, including in the State of Texas. Moreover, YETI's trade dress and YETI's "RAMBLER" trademark became famous and acquired this secondary meaning before Sic Cups commenced its unlawful use of YETI's trade dress and YETI's "RAMBLER" trademark in connection with the infringing products.

51.     Sic Cups' use of YETI's trade dress and colorable imitations thereof and Sic Cups' use of YETI's "RAMBLER" trademark are likely to cause, and has caused, dilution of YETI's famous trade dress and YETI's famous "RAMBLER" trademark at least by eroding the public's exclusive identification of YETI's famous trade dress and YETI's famous "RAMBLER" trademark with YETI, by lessening the capacity of YETI's famous trade dress and YETI's famous "RAMBLER" trademark to identify and distinguish YETI's insulated drinkware products, by associating YETI's trade dress and YETI's "RAMBLER" trademark with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress and YETI's famous "RAMBLER" trademark.

52.     Sic Cups' use of YETI's trade dress, and/or colorable imitations thereof, and Sic Cups' use of YETI's "RAMBLER" trademark have caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.

53.     On information and belief, Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has been intentional, willful, and malicious. Sic Cups' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Sic Cups'

unlawful use of YETI's "RAMBLER" trademark to sell the infringing products, and by Sic Cups' continuing disregard for YETI's rights.

54.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Sic Cups' profits, actual damages, enhanced profits and damages, and reasonable attorney fees under at least Tex. Bus. & Com. Code § 16.104.

**Count V:**
**Common Law Trade Dress and Trademark Infringement**

55.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 54 as though fully set forth herein.

56.     Sic Cups' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Sic Cups' use of YETI's trade dress and/or colorable imitations thereof and YETI's "RAMBLER" trademark is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

57.     YETI's trade dress and YETI's "RAMBLER" trademark are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress and YETI's "RAMBLER" trademark in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's "RAMBLER" trademark have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's trade dress and YETI's "RAMBLER" trademark have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's "RAMBLER" trademark acquired this secondary meaning before Sic Cups commenced its unlawful use of YETI's trade dress and YETI's "RAMBLER" trademark in connection with the infringing products.

17

58.     Sic Cups' use of YETI's trade dress, and/or colorable imitations thereof, and Sic Cups' use YETI's "RAMBLER" trademark have caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.

59.     On information and belief, Sic Cups' use of YETI's trade dress and colorable imitations thereof and YETI's "RAMBLER" trademark has been intentional, willful, and malicious.  Sic Cups' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Sic Cups' unlawful use of YETI's "RAMBLER" trademark to sell the infringing products, and by Sic Cups' continuing disregard for YETI's rights.

60.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Sic Cups' profits, punitive damages, costs, and reasonable attorney fees.

**Count VI:**
**Common Law Unfair Competition**

61.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 60 as though fully set forth herein.

62.     Sic Cups' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Sic Cups' goods, by simulating YETI's trade dress, and/or by using YETI's "RAMBLER" trademark in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Sic Cups has also interfered with YETI's business.

63.     YETI's trade dress and YETI's "RAMBLER" trademark are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional

designs.  YETI has extensively and continuously promoted and used YETI's trade dress and YETI's "RAMBLER" trademark for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's "RAMBLER" trademark have become well-known indicators of the origin and quality of YETI's insulated drinkware products. YETI's trade dress and YETI's "RAMBLER" trademark have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's "RAMBLER" trademark acquired this secondary meaning before Sic Cups commenced its unlawful use of YETI's trade dress and YETI's "RAMBLER" trademark in connection with the infringing products.

64.    Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.

65.    On information and belief, Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has been intentional, willful, and malicious.  Sic Cups' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Sic Cups' unlawful use of YETI's "RAMBLER" trademark to sell the infringing products, and by Sic Cups' continuing disregard for YETI's rights.

66.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Sic Cups' profits, punitive damages, costs, and reasonable attorney fees.

**Count VII:**
**Common Law Misappropriation**

67.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 66 as though fully set forth herein.

68.     Sic Cups' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute common law misappropriation.

69.     YETI created the products covered by YETI's trade dress and YETI's "RAMBLER" trademark through extensive time, labor, effort, skill, and money.  Sic Cups has wrongfully used YETI's trade dress, and/or colorable imitations thereof, and YETI's "RAMBLER" trademark in competition with YETI and gained a special advantage because Sic Cups was not burdened with the expenses incurred by YETI.  Sic Cups has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of the infringing products, by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

70.     YETI's trade dress and YETI's "RAMBLER" trademark are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and YETI's "RAMBLER" trademark for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's "RAMBLER" trademark have become well-known indicators of the origin and quality of YETI's insulated drinkware products. YETI's trade dress and YETI's "RAMBLER" trademark have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and YETI's "RAMBLER" trademark acquired this secondary meaning before Sic Cups commenced its unlawful use of YETI's trade dress and YETI's "RAMBLER" trademark in connection with the infringing products.

71.     Sic Cups' use of YETI's trade dress and YETI's "RAMBLER" trademark has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress

and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.  Moreover, as a result of its misappropriation, Sic Cups has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.

72.    Sic Cups' misappropriation of YETI's trade dress and YETI's "RAMBLER" trademark has been intentional, willful, and malicious.  Sic Cups' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Sic Cups' unlawful use of YETI's "RAMBLER" trademark to sell the infringing products, and by Sic Cups' continuing disregard for YETI's rights.

73.    YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Sic Cups' profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Unjust Enrichment**

74.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 73 as though fully set forth herein.

75.    Sic Cups' advertisements, promotions, offers to sell, sales, and/or distribution of the infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Sic Cups has wrongfully obtained benefits at YETI's expense.  Sic Cups has also, *inter alia*, operated with an undue advantage.

76.    YETI created the products covered by YETI's trade dress and YETI's "RAMBLER" trademark through extensive time, labor, effort, skill, and money.  Sic Cups has wrongfully used and is wrongfully using YETI's trade dress, and/or colorable imitations thereof, and YETI's "RAMBLER" trademark in competition with YETI, and has gained and is gaining a wrongful benefit by undue advantage through such use.  Sic Cups has not been burdened with the expenses incurred by YETI, yet Sic Cups is obtaining the resulting benefits for its own business and products.

77.     YETI's trade dress and YETI's "RAMBLER" trademark are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and YETI's "RAMBLER" trademark for years in the United States and the State of Texas.  Through that extensive and continuous use, YETI's trade dress and YETI's "RAMBLER" trademark have become well-known indicators of the origin and quality of YETI's insulated drinkware products. YETI's trade dress and YETI's "RAMBLER" trademark have also acquired substantial secondary meaning in the marketplace.     Moreover, YETI's trade dress and YETI's "RAMBLER" trademark acquired this secondary meaning before Sic Cups commenced its unlawful use of YETI's trade dress and colorable imitations thereof and YETI's "RAMBLER" trademark in connection with the infringing products.

78.     Sic Cups' use of YETI's trade dress, and/or colorable imitations thereof, and YETI's "RAMBLER" trademark has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and YETI's "RAMBLER" trademark with YETI and YETI's tumbler products.  YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment.  Sic Cups has wrongfully obtained and is wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of YETI's hard-earned goodwill and reputation.

79.     Sic Cups' unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Sic Cups' bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, by Sic Cups' unlawful use of YETI's "RAMBLER" trademark to sell the infringing products, and by Sic Cups' continuing disregard for YETI's rights.

80.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Sic Cups' profits.

**Demand for Jury Trial**

81.     YETI hereby demands a jury trial on all issues so triable.

**Relief Sought**

WHEREFORE, Plaintiff respectfully prays for:

1.     Judgment that Sic Cups has (i) infringed YETI's trade dress and YETI's "RAMBLER" trademark in violation of § 1125(a) of Title 15 in the United States Code; (ii) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (iii) diluted YETI's trade dress and YETI's "RAMBLER" trademark in violation of § 1125(c) of Title 15 in the United States Code; (iv) diluted YETI's trade dress and YETI's "RAMBLER" trademark in violation of Tex. Bus. & Com. Code § 16.103; (v) violated YETI's common law rights in YETI's trade dress and YETI's "RAMBLER" trademark; (vi) engaged in common law unfair competition; (vii) engaged in common law misappropriation; and (viii) been unjustly enriched at YETI's expense, and that all of these wrongful activities by Sic Cups were willful;

2.     An injunction against further infringement and dilution of YETI's trade dress and YETI's "RAMBLER" trademark, further acts of unfair competition, misappropriation, and unjust enrichment by Sic Cups, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trade dress or YETI's "RAMBLER" trademark, pursuant to at least 15 U.S.C. § 1116 and Tex. Bus. & Com. Code § 16.104;

3.     An Order directing Sic Cups to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

4.     An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable

imitation of YETI's trade dress or YETI's "RAMBLER" trademark in Sic Cups' possession or control, (iii) all plates, molds, and other means of making the infringing products in Sic Cups' possession, custody, or control, and (iv) all advertising materials related to the infringing products in Sic Cups' possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

5.      An Order directing Sic Cups to publish a public notice providing proper attribution of YETI's trade dress and YETI's "RAMBLER" trademark to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

6.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

7.      An award of Sic Cups' profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1125(a), 11125(c), 1116, and 1117 and Tex. Bus. & Com. Code § 16.104; and

9.      Such other and further relief as this Court deems just and proper.

Dated:  November 18, 2016                    Respectfully submitted,


                                             By: /s/ Sean J. Jungels
                                             Kevin J. Meek
                                             Texas Bar No. 13899600
                                             kevin.meek@bakerbotts.com
                                             Baker Botts L.L.P.
                                             98 San Jacinto Blvd., Suite 1500
                                             Austin, Texas 78701
                                             Telephone: (512) 322-2639
                                             Facsimile: (512) 322-8385

Joseph J. Berghammer (admitted in the Western
District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
J. Pieter van Es (admitted in the Western District of
Texas)
Illinois Bar No. 6210313
pvanes@bannerwitcoff.com
Sean J. Jungels (admitted in the Western District of
Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
Banner & Witcoff, Ltd.
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**