UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **YETI Coolers, LLC,**<br><br>    Plaintiff,<br><br>  v.<br><br>**SIC Products, LLC, d/b/a SIC Cups, d/b/a SIC,**<br><br>    Defendant. | Civil Action No. 1:16-cv-00117-RP<br><br>Judge Robert L. Pitman |

## CONSENT JUDGMENT

Plaintiff, YETI Coolers, LLC ("YETI"), filed civil action number 1:16-cv-00117-RP in the Western District of Texas, against defendant, SIC Products, LLC, d/b/a SIC Cups, d/b/a SIC("SIC"), asserting claims for (a) trade dress and trademark infringement in violation of 15 U.S.C. § 1125(a); (b) unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a); (c) trade dress and trademark dilution in violation of 15 U.S.C. § 1125(c); (d) trade dress and trademark dilution in violation of the Texas Business & Commerce Code § 16.103; (e) common law trade dress and trademark infringement; (f) common law unfair competition; (g) common law misappropriation; and (h) unjust enrichment. YETI duly served its Complaint on SIC on April 13, 2016. YETI filed its First Amended Complaint on November 21, 2016. SIC filed its Answer, Affirmative Defenses and Counterclaims to Plaintiff's Amended Complaint on December 5, 2016. SIC now stipulates and consents to the Court's entry of this Consent Judgment.

NOW THEREFORE, upon consent of the parties, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. The Court has subject matter jurisdiction over this action pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a) & (b), and 1367(a).

2. This Court has personal jurisdiction over SIC for this particular action and venue is proper in this judicial district for this particular action.

3. SIC sold 20 oz., 24 oz. and 30 oz. tumblers that YETI accused of violating YETI's intellectual property rights (collectively the "Accused Tumblers").

4. YETI represents that it owns all right, title, and interest in and to the trade dress of the YETI 20 oz. and 30 oz. Rambler™ tumblers, including the overall look and appearance of the YETI 20 oz. and 30 oz. Rambler™ tumblers and all common law trademark and trade dress rights in the YETI 20 oz. and 30 oz. Rambler™ tumblers. The YETI 20 oz. and 30 oz. Rambler™ tumblers trade dress hereafter referred to as the "YETI Trade Dress."

5. SIC agrees that the YETI Trade Dress is unique, distinctive, non-functional, well known, famous, and has acquired distinctiveness and is associated by consumers with YETI, and that the goodwill associated with the YETI Trade Dress belongs exclusively to YETI.

6. SIC agrees that the YETI Trade Dress is valid and enforceable.

7. SIC agrees that the YETI Trade Dress is not essential to the use or purpose of a tumbler, does not affect the cost or quality of a tumbler, is not functional, is not the reason the YETI tumblers work, and, outside of the association with YETI's reputation and goodwill, is not important to the commercial success of tumblers, generally.

- 3 -

8.	SIC agrees that many competitors compete with YETI and SIC and that these competitors sell tumblers having alternative designs that do not include elements of the YETI Trade Dress and have a different overall appearance compared to the YETI Trade Dress.

9.	SIC agrees that exclusive use of the YETI Trade Dress by YETI will not put competitors at a significant non-reputation-related disadvantage in the marketplace.

10.	YETI owns common law trademark rights in "RAMBLER" as a source identifier ("RAMBLER Trademark").

11.	SIC agrees that the RAMBLER Trademark is valid and enforceable.

12.	SIC agrees that the RAMBLER Trademark is unique, distinctive, famous, and well-known by consumers, and is associated by consumers with YETI.

13.	Out of respect for YETI's product designs and rights in YETI Trade Dress and RAMBLER Trademark, SIC has voluntarily redesigned the Accused 20 oz. and 30 oz. Tumblers and has ceased selling the Accused 20 oz., 24 oz. and 30 oz. Tumblers. The Parties agree that the SIC's redesigned 20 oz. and 30 oz. Tumblers ("SIC's New Designs") do not infringe the YETI Trade Dress. YETI and SIC acknowledge that there is no likelihood of confusion between YETI's Trade Dress and SIC's New Designs.

14.	Subject to the rights set forth and reserved in paragraph 15, SIC shall not at any time now or in the future manufacture, have manufactured on their behalf, market, offer to sell, sell, use, import, purchase, promote or distribute – whether directly or indirectly – any of the Accused Tumblers.

15.	However, notwithstanding any provision of this Consent Judgment, to the extent rights in the YETI Trade Dress are determined to be invalid or unenforceable in any judicial or administrative action in the United States, and all appeals in such action as to such rights have

been exhausted, or to the extent that such rights expire, lapse, or are abandoned, then SIC shall be free to manufacture, have manufactured on their behalf, market, offer to sell, sell, use, import, purchase, promote or distribute the Accused Tumblers without any limitations imposed by this Consent Judgment. Further, notwithstanding any provision of this Consent Judgment, in the event of each of the following three conditions being met, (a) the dissolution, termination of existence or liquidation of YETI, (b) there is no successor to YETI or its rights, and (c) YETI's rights under the Agreement have not been sold, transferred or assigned, then SIC shall be free to manufacture, have manufactured on their behalf, market, offer to sell, sell, use, import, purchase, promote or distribute the Accused Tumblers without any limitations imposed by this Consent Judgment.

16. Each party shall bear its own costs and attorney fees.

17. This Court shall retain jurisdiction over the parties for the purpose of enforcing the terms of this Consent Judgment.

18. This Consent Judgment represents a final adjudication of all claims, counterclaims, and defenses that were, or could have been, brought between YETI and SIC in this case. This Consent Judgment is intended to be final and shall bind YETI and SIC on all issues that were or could have been litigated in this proceeding and that no appeal shall be taken here from.

SO ORDERED:

Dated: July 5, 2017.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

Consented and Agreed to:

By: *[signature: J Pieter van Es]*
Kevin Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-5471
Facsimile: (512) 322-3622

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
J. Pieter van Es (admitted in the Western District of Texas)
Illinois Bar No. 6210313
pvanes@bannerwitcoff.com
Sean J. Jungels (admitted in the Western District of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

*[signature]*
Signed for YETI Coolers, LLC

Name: Bryan L. Barksdale
Title: General Counsel
Date: 6/22/2017

By: *[signature]*
Jeremy P. Oczek (admitted *pro hac* vice)
NY Bar No. 4425930 / MA Bar No. 647509
BOND, SCHOENECK & KING, PLLC
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, NY 14202-2107
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

Abood Shebib (admitted *pro hac* vice)
Fla Bar No. 102838
BOND, SCHOENECK & KING, PLLC
4001 Tamiami Trail North, Suite 250
Naples, FL 34103-3555
Telephone: (239) 659.3804
Email: ashebib@bsk.com

Stacey V. Reese
Texas Bar No. 24056188
STACEY V. REESE LAW PLLC
910 West Avenue, Suite 15
Austin, Texas 78701
Telephone: (512) 212-1423
Email: stacey@reeselawpractice.com

**ATTORNEYS SIC PRODUCTS, LLC**

Signed for SIC Products, LLC

Name:
Title:
Date:

Consented and Agreed to:

By: _____
Kevin Meek
Texas Bar No. 13899600
kevin.meek@bakerbotts.com
**BAKER BOTTS L.L.P.**
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: (512) 322-5471
Facsimile: (512) 322-3622

Joseph J. Berghammer (admitted in the Western District of Texas)
Illinois Bar No. 6273690
jberghammer@bannerwitcoff.com
J. Pieter van Es (admitted in the Western District of Texas)
Illinois Bar No. 6210313
pvanes@bannerwitcoff.com
Sean J. Jungels (admitted in the Western District of Texas)
Illinois Bar No. 6303636
sjungels@bannerwitcoff.com
**BANNER & WITCOFF, LTD.**
Ten South Wacker Drive
Suite 3000
Chicago, IL 60606-7407
Telephone: (312) 463-5000
Facsimile: (312) 463-5001

**ATTORNEYS FOR YETI COOLERS, LLC**

By: _____ *[signed]*
Jeremy P. Oczek (admitted *pro hac* vice)
NY Bar No. 4425930 / MA Bar No. 647509
BOND, SCHOENECK & KING, PLLC
Avant Building, Suite 900
200 Delaware Avenue
Buffalo, NY 14202-2107
Telephone: (716) 416-7037
Email: jpoczek@bsk.com

Abood Shebib (admitted *pro hac* vice)
Fla Bar No. 102838
BOND, SCHOENECK & KING, PLLC
4001 Tamiami Trail North, Suite 250
Naples, FL 34103-3555
Telephone: (239) 659.3804
Email: ashebib@bsk.com

Stacey V. Reese
Texas Bar No. 24056188
STACEY V. REESE LAW PLLC
910 West Avenue, Suite 15
Austin, Texas 78701
Telephone: (512) 212-1423
Email: stacey@reeselawpractice.com

**ATTORNEYS SIC PRODUCTS, LLC**

**Signed for YETI Coolers, LLC**

Name: _____
Title: _____
Date: _____

**Signed for SIC Products, LLC**

Name: Erik Howe
Title: Managing Partner
Date: 6/21/17

- 5 -